| INN - PROB 22 Rev. 05/04 | | DOCKET NUMBER (Tran. Court) 0755 2:03CR00088 |
|---|---|---|
| TRANSFER OF JURISDICTION | | DOCKET NUMBER (Rec. Court) |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Joey Te Sy **JUDGE GOTTSCHALL** | Northern District Of Indiana | Hammond |
| | NAME OF SENTENCING JUDGE HONORABLE PHILIP P SIMON | |
| **08CR 0034** | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 12/21/2006 — TO 12/20/08 |

OFFENSE
Marijuana-Sell, Distribute, Or Dispense

**MAGISTRATE JUDGE SCHENKIER**

RECEIVED
MAR 19 2007
STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____ Northern District Of Indiana _____

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or or supervised releasee named above be transferred with the records of this Court to the United States District Court for the Northern District of Illinois (Chicago) upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_1-18-07_
Date

/s/ Philip Simon
United Sates District Judge

*This sentence may be deleted in the discretion of the transferring Court.

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE _____ INDIANA _____ DISTRICT OF _____ ILLINOIS _____

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

FILED
JAN 1 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAR - 7 2007
Effective Date

/s/ OTHER COURT JUDGE
United States District Judge
Date 01-09-2007

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

**FILED**
NOV 06 2003
At_____M
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CAUSE NO. 2:03CR 88 |
| ) | |
| v. ) | |
| ) | 18 U.S.C. § 2 |
| PARVINDER ATWAL ) | 21 U.S.C. § 841(a)(2) |
| TAM THANH NGUYEN ) | 21 U.S.C. § 846 |
| JOSHUA C. BRYANT and ) | |
| JOEY TE SY ) | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By_____
DEPUTY CLERK
Date: 01-09-200_

**INDICTMENT**

**THE GRAND JURY CHARGES:**

<u>COUNT 1</u>

In October of 2003, the exact date being unknown to the Grand Jury, in the Northern District of Indiana and elsewhere,

**Parvinder Atwal**
**Tam Thanh Nguyen**
**Joshua C. Bryant and**
**Joey Te Sy**

defendants herein, knowingly combined, conspired, confederated and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: to knowingly and intentionally possess with the intent to distribute 100 kilograms or more of a mixture and substance containing detectable amounts of marijuana, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 2</u>

On or about October 18, 2003, the exact date being unknown to the Grand Jury, in the Northern District of Indiana and elsewhere,

**Parvinder Atwal**

defendant herein, did knowingly and intentionally possess with the intent to distribute 100 kilograms or more of a mixture and substance containing detectable amounts of marijuana, a controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

## THE GRAND JURY FURTHER CHARGES:

### COUNT 3

On or about October 18, 2003, the exact date being unknown to the Grand Jury, in the Northern District of Indiana and elsewhere,

### Parvinder Atwal

defendant herein, did knowingly and intentionally distribute 100 kilograms or more of a mixture and substance containing detectable amounts of marijuana, a controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 4</u>

On or about October 18, 2003, the exact date being unknown to the Grand Jury, in the Northern District of Indiana and elsewhere,

**Tam Thanh Nguyen**
**Joshua C. Bryant**

defendants herein, did knowingly and intentionally possess with the intent to distribute 100 kilograms or more of a mixture and substance containing detectable amounts of marijuana, a controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT 5

On or about October 18, 2003, the exact date being unknown to the Grand Jury, in the Northern District of Indiana and elsewhere,

**Joey Te Sy**

defendant herein, did knowingly and intentionally possess with the intent to distribute 100 kilograms or more of a mixture and substance containing detectable amounts of marijuana, a controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

A TRUE BILL:

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By: *[signature]*
Philip C. Benson
Supervisory Assistant U.S. Attorney
Attorney # 14498-45

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND WAYNE DIVISION

JAN 0 3 2005

At _____ M
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CAUSE NO. 2:03 CR 88 |
| ) | |
| JOEY TE SY ) | |

### PETITION TO ENTER A CHANGE OF PLEA

The above named defendant respectfully represents to the Court as follows:

1. My full true name is Joey Te Sy and I request that all proceedings against me be had in the name which I hereby declare to be my true name.

2. I was born on 1-25-75 in the City of Siagon in the Country of Vietnam. I have attended school and completed <u>10</u> years of education and obtain a GED. I have the ability to read, write and speak the English language.

3. I am represented by counsel and my lawyers' names are Lawrence Hyman and Ralph Meczyk.

4. I have received a copy of the Indictment and have read and discussed it with my lawyers, and believe and feel that I understand every accusation made against me in this case.

5. I have told my lawyers the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe and feel that my lawyer is fully informed as to all such matters. My lawyers have since informed me and has counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a
true copy of the original on file in this
court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____
DEPUTY CLERK
Date: 01-09-2007

6.  I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

7.  I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

   a.  the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana which must return a unanimous verdict of GUILTY before I can be convicted;

   b.  the right to be released on reasonable bail until my trial occurs;

   c.  the right to see, hear and cross-examine all the witnesses against me at my trial;

   d.  the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

   e.  the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be;

   f.  the right not to testify without prejudice; and,

   g.  in the event that I should be found GUILTY of the charges against me, I would have the right to appeal my conviction on such charges to a higher court.

8.  I understand, also, that if I plead GUILTY, I waive the right to trial by jury and all of the other rights mentioned above.

9.  Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

   a.  I will plead GUILTY to Count 5 of the Indictment now pending against me charging me with knowingly and intentionally possessing with the intent to distribute 100 kilograms of marijuana, a Schedule I narcotic controlled substance. However, for purposes of this plea the government has stipulated that the extent of my criminal culpability involves a quantity of

marijuana no greater than 100 pounds. Accordingly, I am pleading guilty to the above violation of Title 21, United States Code, Section 841 (a) (1), because I am in fact, GUILTY.

b. By pleading guilty, I acknowledge that both the above and following facts, including those facts contained in Count 5 of the indictment establish my guilt beyond a reasonable doubt: From on or about October 18, 2003 I did possess with the intent to distribute 100 pounds of marijuana in the Northern District of Indiana in violation of Title 21, United States Code. Section 841 (a) (1).

c. In consideration of my plea of GUILTY to Count 5 of the Indictment, I understand that the United States of America agrees that the Court shall impose the minimum sentence of incarceration under the applicable sentencing guideline range as it applies to me, and a fine, if any, as determined by the Court at the time of sentencing. However, I further understand and agree that if the Court does not agree that the minimum sentence of incarceration under the Guidelines is appropriate, it will reject this plea agreement and I will be given an opportunity to withdraw my plea of GUILTY and proceed to trial. The government agrees, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), to petition the court to dismiss remaining Count 1of the Indictment at the time of sentencing.

d. I understand that the penalty for Count 5 of the Indictment involving a quantity of 100 kilograms of marijuana involves a mandatory minimum period of five (5) years imprisonment and maximum of forty (40) years imprisonment and a fine up to $ 2,000,000. However, under the stipulate quantity amount of 100 pounds which I am pleading to converts to 45.4 kilograms of marijuana. Accordingly, I realize I am facing the following maximum penalty for a quantity of less than 50 kilograms of marijuana; as five (5) years imprisonment and a fine up to $ 250,000 or a combination of both. In the event a term of imprisonment of more than one year is imposed, the Court may impose a term of supervised release of not less than two (2) years.

e. I further understand that in accordance with federal law, Title 18, United States Code, Section 3013, upon entry of judgment and conviction, I will be assessed a $ 100 fee for the Count 5, to which I have pled GUILTY, in addition to any other penalties imposed.

f. I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines. I am also aware that a sentence imposed under the guidelines does not provide for parole. I understand that before the precise sentence can be determined, the Court will have to take several factors into consideration, including, but not limited to, my prior criminal record, if any; the amount of controlled substances

involved; my acceptance of responsibility for the commission of the crime to which I am pleading GUILTY; as well as other factors. I further understand and agree that the validity of this plea agreement is not contingent upon the Court's concurrence with any provision within this plea agreement relative to role levels, relevant conduct and quantity provisions.

g. In consideration of my plea of guilty, the government and I agree that the following recommendation will be made to the Court:

  1. The government and I agree that I have accepted responsibility for the commission of the crime to which I am pleading GUILTY and that I am entitled to a 3 level reduction in the offense level pursuant to Sentencing Guideline Section 3E1.1. The government agrees to recommend a 2 level reduction for minimal participation.

h. I understand that if I fail to continue to demonstrate acceptance of responsibility, or if I violate any laws while awaiting sentencing, the government will not be obligated to make any of the non-binding recommendations contained in paragraph 9(g) and I will not be allowed to withdraw my guilty plea. I further understand that the Court could then sentence me to any term of imprisonment within the applicable guideline range. I further understand that I have no right to withdraw my guilty plea if the Court decides not to accept any of the non-binding recommendations contained in paragraph 9(g).

i. I further understand that the United States Attorney has reserved the right to tell the sentencing Court the good things about me and the bad things about me and has reserved the right to present evidence which may affect my sentencing guideline range.

j. Furthermore, if applicable, I abandon any and all rights I may have to any and all contraband, including firearms, ammunition, and weapons, which may have been seized from my person or residence. I agree not to contest any administrative or civil judicial forfeiture proceedings concerning these items.

k. I understand that the offense to which I am pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines and this plea agreement. I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement.

l. The defendant agrees to waive all rights, whether asserted directly or

through a representative, to request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

m. Other than what is contained in this plea agreement, no promises or representations have been made to me as to the specific sentence that will be imposed or any other matter.

10. I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

11. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

12. I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

13. I understand and acknowledge that this petition, once filed with the Court, is a public document and available for public viewing.

_____
Joey Te Sy
Defendant

_____  _____
Lawrence Hyman            Ralph Meczyk
Attorneys for Defendant

APPROVED:

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By: _____
Clarence Butler Jr.
Assistant United States Attorney

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Indiana

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| JOEY TE SY | Case Number: 2:03 CR 88 (04) PS |
| | USM Number: 07746-027 |
| | Gal Pissetzky |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  5

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1) | Possession with Intent to Distribute 100 Kilograms of Marijuana | 10/19/2003 | 5 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  1  ☑ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

7/18/2005
Date of Imposition of Judgment

S/Philip P. Simon
Signature of Judge

Philip P. Simon, U.S. District Court Judge
Name and Title of Judge

7/19/2005
Date

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
STEPHEN R. LUDWIG, CLERK
By: _____ DEPUTY CLERK
Date: 01-09-2008

Extract PDF Pages

case 2:03-cr-00088-PPS-APR document 141 filed 07/20/2005 page 2 of 6
Case 1:08-cr-00034-AP Document 1 Filed 01/14/2008 Page 13 of 17
AO 245B (Rev. 12/03) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 6

DEFENDANT: JOEY TE SY
CASE NUMBER: 2:03 CR 88 (04) PS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

21 months

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be placed in an appropriate medical facility where his medical condition can be monitored and treated and that the place of incarceration be as close as possible to Chicago, Illinois.

☐ The defendant is remanded to the custody of the United States Marshal.

☑ The defendant shall surrender to the United States Marshal for this district:

☑ at  12:00   ☐ a.m.  ☑ p.m.  on  8/1/2005 .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before    p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
        Sheet 3 — Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: JOEY TE SY
CASE NUMBER: 2:03 CR 88 (04) PS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 2 years

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.
- [x] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. The defendant shall support the defendant's dependents and meet other family responsibilities.
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. The defendant shall notify the probation officer at least then (10) days prior to any change of residence or employment.
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8. The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered, or other places specified by the court.
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.
15. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

AO 245B     (Rev. 12/03) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT: JOEY TE SY
CASE NUMBER: 2:03 CR 88 (04) PS

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall submit to one drug test within 15 days after being placed on supervised release and up to 6 periodic tests per month thereafter.

The defendant shall not possess a firearm or destructive device.

The defendant shall provide the probation officer with access to any requested financial information.

Judgment — Page __5__ of __6__

DEFENDANT: JOEY TE SY
CASE NUMBER: 2:03 CR 88 (04) PS

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ none | $ none |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $0.00 | $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

case 2:03-cr-00088-PPS-APR   document 141   filed 07/20/2005   page 6 of 6
Case 3:08-cr-00034   Document 1   Filed 01/14/2008   Page 17 of 17

Judgment — Page __6__ of __6__

DEFENDANT: JOEY TE SY
CASE NUMBER: 2:03 CR 88 (04) PS

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☒ Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.